1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**

9        EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ARMANDO FIMBREZ, | Case No. 1:24-cv-01462-BAM (PC) |
| 12     Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO |
| 13     v. | ACTION |
| 14 FRESNO COUNTY JAIL, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR |
| 15     Defendants. | FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE |
| 16 | TO PROSECUTE |
| 17 | (ECF No. 8) |
| 18 | **FOURTEEN (14) DAY DEADLINE** |

19

20 **I.**    **Background**

21      Plaintiff Armando Fimbrez ("Plaintiff") is a county jail inmate proceeding *pro se* and *in*

22 *forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

23      On April 4, 2025, the Court screened the complaint and found that it failed to comply with

24 Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. (ECF No. 8.)

25 The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of

26 voluntary dismissal within thirty (30) days. (*Id.*) The Court expressly warned Plaintiff that the

27 failure to comply with the Court's order would result in a recommendation for dismissal of this

28 action, with prejudice. (*Id.*) Plaintiff failed to file an amended complaint or otherwise

1

1    communicate with the Court, and the deadline to do so has expired.

2    **II.    Failure to State a Claim**

3        **A.    Screening Requirement**

4        The Court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

7    or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

8    relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

9        A complaint must contain "a short and plain statement of the claim showing that the

10   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

13   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

14   true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

15   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16       To survive screening, Plaintiff's claims must be facially plausible, which requires

17   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

18   for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

19   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

20   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

21   standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

22       **B.    Plaintiff's Allegations**

23       Plaintiff alleges that the events in the complaint occurred while he was housed at the

24   Fresno County Jail.  Plaintiff names the following defendants: (1) Fresno County Jail; and

25   (2) Fresno County Jail employer.  Plaintiff alleges as follows.

26       In claim 1, Plaintiff alleges a violation of the Eighth Amendment:

27       I inmate Armando Fimbrez [inmate identification number] under going
         intimidation tactes, tortue by officers and permitted by officers.  Traffic 6 drugs

28

2

through in my body without my consent and knowledge when it was placed in my body as a direct, proximate, and foreseeable result of the act's and conduct of officers I was injured in the practice of their profession was intimidated, interfered with and hampered in the lawful practice of their profession which violated the aforementioned provision of the United States constitution and which conditions where wholly and irrationally discriminatory.  Unreasonable invidious and outrageous and given the entire circumstance described above such as would shock the conscious of the civilized world.  Still have drugs in body.  This has been going on for a year now.

(ECF No. 1, p. 3 (unedited text).)

In claim 2, Plaintiff alleges a violation of the Eighth Amendment for retaliation: I inmate Armando Fimbrez [inmate identification number] am receiving retaliation tactes for not giving up drugs in body that officers place there allowing rape, extorton criminal threats made on my [illegible] ID#, tampering with medication and toxics causing all types of health issues causing sleep depervatition problems with my insides tried escaping to elude tortue caught case # F23909382. All my claims are on camera and I still have drugs in body that I don't wanna die from tried to file rape charges but when know where.  Putting MK-77 or some toxic on book, food, clothes, hygiene, everything in my cell.  I have majority of the stuff that is contaminated.  This has been going on for a year now.

(*Id.* at 4 (unedited text).)

In claim 3, Plaintiff alleges Fourteenth Amendment violation for a threat to safety: I inmate Armando Fimbrez [inmate identification number] received multiple disciplinary write up for jam door trying to protect myself from rape, and them trying get the drugs out of my body. Not allowing me equal protection under the Fourteenth Amendment.  This has been going on for a year.

(*Id.* at 5 (unedited text).)

As remedies, Plaintiff seeks damages and some other agency to monitor the cameras besides the Fresno County Jail.  Plaintiff wants charges brought up on those accountable for putting drugs in Plaintiff and Plaintiff asks that the drugs to get out of him.

**C.      Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

///

///

### 1.     Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but is not a plain statement of his claims. Plaintiff's conclusory allegations as to what happened, when it happened, or which defendant was involved are insufficient. The allegations are rambling and confusing as to what happened to Plaintiff to violate his constitutional rights. Plaintiff has not identified any appropriate defendants for his claims.

In addition, Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff fails to link any defendant to any purported constitutional violation.

### 2.     *Monell* Liability

Plaintiff has named the "Fresno County Jail" and "Fresno County Jail employer" as defendants. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690; however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. *See Monell*, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. *See City*

4

1    *of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

2              To impose municipal liability under § 1983 for a violation of constitutional rights

3    resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a

4    constitutional right of which he or she was deprived; (2) that the municipality had a policy;

5    (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and

6    (4) that the policy is the moving force behind the constitutional violation." *Oviatt By & Through*

7    *Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489

8    U.S. 378, 389 (1989) (internal quotation marks omitted).

9              A plaintiff can establish this "municipal liability" by:

10             1. Showing that an officer "committed the alleged constitutional violation
               pursuant to a formal governmental policy or a longstanding practice or custom
11             which constitutes the standard operating procedure of the local governmental
               entity";

12
               2. Establishing that the officer who committed the constitutional tort "was an
13             official with final policy-making authority and that the challenged action itself
               thus constituted an act of official governmental policy"; or
14

15             3. Proving that an official "with final policy-making authority ratified a
               subordinate's unconstitutional decision or action and the basis for it."

16

17   *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (internal citations and quotation

18   marks omitted).  A complaint that simply recites the elements of a *Monell* claim is insufficient to

19   put a municipality on fair notice of the claims against it.  *White v. City of Vacaville*, No. 2:12-cv-

20   00515-GEB-GGH, 2012 WL 1455221, at *4–6 (E.D. Cal. Apr. 26, 2012).

21             Plaintiff has not pleaded facts tending to show that a government policy, custom, usage, or

22   practice was the "moving force" behind the alleged violation of his constitutional rights or how

23   that policy, custom, or practice reflects deliberate indifference to his constitutional rights.

24   *See Monell*, 436 U.S. at 690, 694.  The complaint contains "conclusory allegations" and

25   "unreasonable inferences," which the Court need not accept as true, (s*ee In re Gilead Scis. Sec.*

26   *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)).

27   ///

28   ///

1

### 3.    Involuntary Medication

2      Plaintiff's allegations are not sufficiently specific or detailed to show that his rights are

3  being violated or that he is at risk of imminent, irreparable injury.  Most concerningly, it is

4  unclear if Plaintiff claims that he is being involuntarily medicated.  The "forcible injection of

5  medication into a nonconsenting person's body . . . represents a substantial interference with that

6  person's liberty." *Riggins v. Nevada*, 504 U.S. 127, 134 (1992).  Governments must accordingly

7  adhere to procedural protections before administering involuntary medication.  "In California, the

8  procedural requirements for involuntary medication of prisoners are stated in *Keyhea v. Rushen*,

9  178 Cal. App. 3d 526 (Cal. Ct. App. 1986)." *Black v. Dep't of State Hospitals*, No. 22-cv-05037-

10  JD, 2023 WL 1784753, at *2 (N.D. Cal. Feb. 6, 2023).  "A *Keyhea* order permits the long-term

11  involuntary medication of an inmate upon a court finding that the course of involuntary

12  medication is recommended and that the prisoner, as a result of mental disorder, is gravely

13  disabled and incompetent to refuse medication, or is a danger to himself or others." *Davis v.*

14  *Walker*, 745 F.3d 1303, 1307 n.2 (9th Cir. 2014).  Plaintiff does not include facts in his complaint

15  explaining whether the procedures required by *Keyhea* were followed and, if not, what procedures

16  and methods were utilizing to involuntarily medicate him.  Without such an explanation, it is

17  impossible for the court to evaluate his claim that he is being unlawfully subjected to forced

18  medication.

19      Failure to follow the state procedures for involuntary medication does not necessarily

20  constitute a federal due process violation.  *Hubbard v. Ramos*, No. 19-CV-07508-JST, 2022 WL

21  595879, at *13 (N.D. Cal. Feb. 28, 2022).

22

### 4.    Fourteenth Amendment – Denial of Medical Care

23      Under the Fourteenth Amendment, pretrial jail detainees have the right to receive

24  adequate medical care during their detention.  *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125

25  (9th Cir. 2018); *see also Lolli v. Cty. of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003).  To

26  establish a deliberate indifference to medical needs claim against an individual defendant under

27  the due process clause of the Fourteenth Amendment, a pretrial detainee must show that:

28  ///

(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125. The plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016)).

Plaintiff fails to provide sufficient factual allegations to support a claim for inadequate medical care. At the pleading stage, Plaintiff fails to allege facts that he was in serious medical need and that defendants' response was unreasonable under the circumstances. The allegations are incoherent. Plaintiff has not identified any appropriate defendants for his claim that he did not receive adequate medical treatment. He should identify the specific people who did not provide him with proper care and explain what they did or did not do.

### 5.      First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 5527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). It is unclear what conduct Plaintiff engaged in which was protected conduct, who took an adverse action that chilled Plaintiff's First Amendment rights, that did not advance a legitimate correctional goal. Plaintiff must allege facts for each element of a retaliation claim.

### 6.    Fourteenth Amendment – Sexual Assault

The Constitution's substantive due process protections prohibit arbitrary government action so egregious as to "shock the conscience." *Cty. of Sacramento v. Lewis*, 5223 U.S. 833, 846 (1998).  Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment.  *Wood v. Beauclair*, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000)).  Such conduct would necessarily violate the Fourteenth Amendment.  Courts have found that unwelcome sexual contact of any kind is not related to any penological objective and is constitutionally prohibited.  *See Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("Rape, coerced sodomy, unsolicited touching of women prisoners' vaginas, breasts and buttocks by prison employees are simply not part of the penalty that criminal offenders pay for their offenses against society.") (internal quotations omitted).  As "sexual assault serves no valid penological purpose . . . where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing *Wood*, 692 F.3d at 1050; *Schwenk*, 204 F.3d at 1196 n.6).  "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not de minimis for Eighth Amendment purposes." *Bearchild*, 947 F.3d at 1144 (quoting *Hudson*, 503 U.S. at 10).

Plaintiff has not stated a cognizable claim for sexual assault. The allegations are unclear as to what occurred and who was involved.  While Plaintiff alleges he was "raped," Plaintiff fails to allege that any defendant was responsible or what factually occurred.

### 7.    Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, (1985); *Shakur v. Schriro*, 514 U.S. 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly

1   situated individuals were intentionally treated differently without a rational relationship to a

2   legitimate state purpose, *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 601–02 (2008); *Village*

3   *of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580,

4   592 (9th Cir. 2008).

5        The Court finds that Plaintiff has not stated a cognizable equal protection claim.  Plaintiff

6   does not allege that he was discriminated against because of his membership in any protected

7   class.  He also does not allege that he was intentionally treated differently than other similarly

8   situated inmates without a rational relationship to a legitimate state purpose.

9                    **8.      Criminal Prosecution**

10        Plaintiff states that he wants those accountable to be charged with crimes.  To the extent

11   Plaintiff seeks relief in the form of a criminal prosecution, Plaintiff has no constitutional right to

12   have another person criminally prosecuted.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619

13   (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or

14   nonprosecution of another"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The

15   decision to prosecute a particular crime is within the authority of the state, and there appears to be

16   no federal constitutional right to have criminal wrongdoers brought to justice.").

17   **III.    Failure to Prosecute and Failure to Obey a Court Order**

18          **A.      Legal Standard**

19        Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

20   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

21   within the inherent power of the Court."  District courts have the inherent power to control their

22   dockets and "[i]n the exercise of that power they may impose sanctions including, where

23   appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

24   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

25   failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

26   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

27   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

28   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

1    (dismissal for failure to comply with court order).

2           In determining whether to dismiss an action, the Court must consider several factors:

3    (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

4    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

5    cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

6    F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

7           **B.     Discussion**

8           Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

9    Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

10   case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

11          The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

12   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

13   *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

14   dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

15   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

16   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

17   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

18   *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

19          Finally, the Court's warning to a party that failure to obey the court's order will result in

20   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

21   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's April 4, 2025 screening order

22   expressly warned Plaintiff that his failure to file an amended complaint would result in a

23   recommendation of dismissal of this action, with prejudice.  (ECF No. 8.)  Thus, Plaintiff had

24   adequate warning that dismissal could result from his noncompliance.

25          Additionally, at this stage in the proceedings there is little available to the Court that

26   would constitute a satisfactory lesser sanction while protecting the Court from further

27   unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in

28   this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

10

1    or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

2    **IV.    Conclusion and Recommendation**

3          Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

4    District Judge to this action.

5          Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY

6    RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

7    pursuant to 28 U.S.C. § 1915A, for failure to obey court orders, and for Plaintiff's failure to

8    prosecute this action.

9          These Findings and Recommendation will be submitted to the United States District Judge

10    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

11    **(14) days** after being served with these Findings and Recommendation, the parties may file

12    written objections with the Court.  The document should be captioned "Objections to Magistrate

13    Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages**

14    **or include exhibits.  Exhibits may be referenced by document and page number if already in**

15    **the record before the Court.  Any pages filed in excess of the 15-page limit may not be**

16    **considered.**  The parties are advised that failure to file objections within the specified time may

17    result in the waiver of the "right to challenge the magistrate's factual findings" on

18    appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*,

19    923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21    IT IS SO ORDERED.

22      Dated:  __May 26, 2025__                    ___/s/ Barbara A. McAuliffe___

23                                               UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28